Cicero A.Ramsey

     vs                           No.8351

W.T.Ames,Appellant.

Charles F.Claiborne,Judge.

April 16th 1923 .

Cicero A.Ramsey

vs                              No.8351

W.T.Ames,Appellant.

Charles F.Claiborne,Judge.

Plaintiff is a real estate agent;he sues for a commission.

His suit is based upon the following offer made on November 22nd 1919 ;

"I hereby offer you $4350 for the double cottage 6119-21 Patton Street xxx Terms and conditions:Cash subject to loan,Bldg and Loan Ass'n. of not less than $3100.00 It is understood and agreed that this offer will hold good until Monday November 24th 3 P.M. 1919.If above offer is accepted,I obligate myself to deposit with Cicero A.Ramsey 10 per cent of amount offered to bind the sale.In case I fail to comply with the above offer,if accepted,I agree to pay to Cicero A.Ramsey a commission of 3 per cent.

                    "Signed"    W.T.Ames .

Under the above offer the owner signed the following acceptance:

                    New Orleans November 24th 1919

I,the owner of the above property,agree to the above sell the same as per above offer,agreeing to pay you a commission of 3 per cent.

                    "Signed" John E.King.

The petition sets forth the above offer and acceptance and further alleged that Ames stopped the payment of said check,by reason whereof plaintiff was entitled to his commission,and to $2.50 for protest fees of the check.

The defendant filed exceptions of no cause of action.

They were referred to the merits.

767

It does not appear that any judgment was rendered upon them;nor has defendant insisted upon them in this Court.

The defendant admitted the above offer made to him, and the giving of a check;he averred that no homestead loan had ever been sought or obtained by any party and that therefore one of the conditions of the contract had not been complied with.He denied all the other allegations of the petition.

There was judgment for the plaintiff,ard defendant has appealed.

The defense is hazy.

The grounds are that there is no evidence that a loan of $3100.00 had been secured from any Homestead.It does not appear with any certainty that it was plaintiff's obligation to procure it.But why should he have done a vain thing? on Tuesday November 22nd the defendant made the offer;on Thursday the 24th the owner accepted it;on Saturday the 26th the defendant"put up" his check;on Monday the 28th he told the plaintiff:
" I told him that I didn't care to negotiate further for the property,and I didn't care to put up the appraisement fee,and didn't care to go into the transaction."

As a further evidence of his determination not to comply with his offer he stopped the payment of his check, which was protested.

Under such a state of affairs the law is that the debtor of an obligation need not be put in default.No.7964 Ct.App.10 Ct.App.237 .

The defendant also pleaded that the plaintiff was not privy to the contract.

The answer to that is the language of the offer addressed to Ramsey,agent and signed by Ames:

" In case I fail to comply with the above offer,if accepted,I agree to pay to Cicero A.Ramsey a commission of 3 per cent"Ramsey accepted this offer and acted upon it and is

768

therefore entitled to its benefits.

The judgment of the District Court was in favor of the plaintiff.We see no error in it,and it is therefore affirmed.

Judgment affirmed.

April 16th 1923.